IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:13-CV-00417-RLV-DCK

| | |
|---|---|
| BRYANT R. ASHCRAFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BEFORE THE COURT** is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) ("The Motion"). (Doc. 28). The Commissioner has responded, (Doc. 30), to which Plaintiff has replied, (Doc. 31). For the reasons that follow, Plaintiff's Motion (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**.

The parties do not dispute the fact that Plaintiff is the prevailing party. When the court remands under sentence four of 42 U.S.C. § 405(g), the plaintiff is the prevailing party. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Granting a motion for attorney's fees and costs to the "prevailing party" under the EAJA is proper "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses." 28 U.S.C. § 2412(b). Under the EAJA, "the district court must undertake the 'task of determining what fee is reasonable'" in light of the circumstances surrounding the particular case. *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). A district court is accorded "substantial discretion in fixing the amount of an EAJA

1

award" and may grant applications for awards only if the request is reasonable. *See Hyatt*, 315 F.3d. at 254. In determining the amount of the fee, a court may consider "the extent of a plaintiff's success." *Id.* "Unsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee.'" *Id.* (quoting *Hensley*, 461 U.S. at 440 (1983)).

The Commissioner does not contest Plaintiff's entitlement to EAJA fees, or his request for fees at the billing rate identified in his brief. Finding the billing rate reasonable, this Court exercises its authority to raise the statutory maximum billing rate in conjunction with the consumer price index and concludes that Plaintiff is entitled to an award of attorney's fees under the EAJA at the requested rate of $189.87 per hour. *See* (Doc. No. 29 at 3); *accord* 28 U.S.C. § 2412(d)(2)(A); *Sullivan v. Sullivan*, 958 F.2d 574, 577 (4th Cir. 1992).

The amount of hours for which the Plaintiff can bill the government, however, is another matter. Plaintiff claims fees totaling $7,186.58 based upon 37.85 hours of attorney time. (Doc. 28 at 1; Doc. 28-2 at 1-2). The Commissioner first asks the Court to exclude from the award a "majority of the hours Plaintiff's counsel spent on this case prior to the supplemental brief[ing] [order]," arguing that the assignments of error Plaintiff raised before the supplemental briefing order were distinct in all respects from the assignment of error Plaintiff prevailed on and that the Commissioner's positions on the pre-supplemental briefing assignments of error were substantially justified. (Doc. 30 at 3-5). The Commissioner further contends that two of the three assignments of error Plaintiff raised through supplemental briefing were distinct in all respects from the assignment of error Plaintiff prevailed on and that the Commissioner's positions on those two issues were substantially justified. *Id.* at 5. In total, the Commissioner asks the Court to reduce Plaintiff's attorney hours to ten hours, resulting in an award of $1,898.70. *See id.* The

Court finds some of the Commissioner's arguments persuasive and, further, finds some of the requested fees excessive.

Prior to supplemental briefing, Plaintiff, through his motion for summary judgment, raised three assignments of error: (1) the administrative law judge ("ALJ") failed to adequately explain the limited weight he accorded to certain aspects of the medical opinions respecting the extent to which Plaintiff's severe impairments affected his functional capabilities; (2) the ALJ failed to adequately explain why none of Plaintiff's severe impairments met or equaled the criteria of a Listing for purposes of Step Three of the disability analysis; and (3) the ALJ erred by failing to mention or consider the effects of Plaintiff's obesity at Step Three and by failing to explain how obesity played a part in the development of Plaintiff's residual functional capacity ("RFC"). (*See* Doc. 14 at 9-21). Magistrate Judge David C. Keesler issued a Memorandum and Recommendation ("M&R") rejecting Plaintiff's assignments of error and recommending affirmation of the Commissioner's determination denying benefits. (Doc. 17). After Plaintiff filed his objections to the M&R but while the M&R was under consideration by this Court, the United States Court of Appeals for the Fourth Circuit issued its decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In response to *Mascio*, this Court ordered the parties to file supplemental briefs. (Doc. 21). Through supplemental briefing, Plaintiff raised three new assignments of error: (1) the ALJ failed to perform a proper function-by-function analysis given the medical opinions to which the ALJ gave substantial weight; (2) the ALJ failed to properly explain his RFC determination as it related to Plaintiff's mental limitations; and (3) the ALJ used boilerplate language when assessing Plaintiff's credibility. (Doc. 24 at 1-8). This Court determined that Plaintiff was entitled to relief in the form of remand based on the second assignment of error in his supplemental brief. (Doc.

3

26). In so doing, this Court overruled Plaintiff's objections to the M&R as moot and did not pass judgment on Plaintiff's first and third assignments of error in his supplemental brief. (Doc. 26).

Where the Plaintiff obtains relief, the burden is on the Commissioner to demonstrate that her position was substantially justified. *See Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014). The Court finds that the Commissioner has sustained her burden as to her position being substantially justified with respect to Plaintiff's three pre-supplemental briefing assignments of error. Notably, the M&R recommended denying relief and nothing in the Court's review of the M&R and the Plaintiff's objections within the context of the pending motion for attorney fees suggests that the Commissioner's positions were without significant merit, especially prior to *Mascio*. *See Holcomb v. Comm'r of Soc. Sec. Admin.*, 2016 WL 6068022, at *2 (D.S.C. Oct. 17, 2016) (considering recommendation of magistrate judge as factor for finding commissioner's position substantially justified). Furthermore, the Court concludes that the three pre-supplemental briefing assignments of error were distinct from the assignment of error on which Plaintiff obtained relief in that they did not involve *Mascio* and either did not involve Plaintiff's mental limitations or did not involve the ALJ's RFC determination.

Based on these conclusions, the Court will reduce Plaintiff's pre-supplemental briefing attorney fees. Plaintiff counsel asserts that he spent seven hours doing the initial work on and the drafting of the summary judgment brief. (Doc. 28-2 at 1). Because a portion of the initial work on the brief pertained to the factual and procedural background of this case, rather than eliminate these seven hours entirely, the Court will reduce the hours by 75%, commensurate to those portions of the brief that counsel would have otherwise needed to draft had he, in the first instance, presented the assignment of error on which he prevailed. Thus the seven hours for doing the initial work on and the drafting of the summary judgment brief are reduced by 5.25 hours, such that only

1.75 of the hours are compensable. Furthermore, counsel attests that he spent eight hours researching and working on the summary judgment brief, 1.25 hours preparing and filing the summary judgment brief, 1.5 hours reviewing the Commissioner's motion for summary judgment, one hour reviewing the M&R, and 2.2 hours preparing and reviewing materials related to Plaintiff's objections to the M&R. In light of this Court's above conclusion, none of these hours are compensable. Combining these reductions, the Court will excise 19.2 hours from Plaintiff's requested attorney fees based on those hours devoted to pre-supplemental briefing assignments of error.

Turning to the Commissioner's argument about the two supplemental briefing assignments or error that the Court did not address, the Court rejects the Commissioner's argument that time spent on these two assignments of error should not be compensable. First, it cannot be said that the three supplemental briefing assignments of error were distinct in all respects where they all involved *Mascio* and the ALJ's failure to explain the reasoning behind aspects of his RFC analysis or key evidence essential to any RFC analysis. Second, the Commissioner, through her response to Plaintiff's motion for attorney fees, does not sustain her burden of demonstrating that her positions on the two unaddressed assignments of error were substantially justified. Accordingly, the Court will not reduce counsel's hours for the time counsel spent during the supplemental briefing stage of this case.

Finally, apart from the arguments raised by the Commissioner, the Court takes notice of its responsibility to review the hour log submitted by Plaintiff's counsel and determine whether the time spent on each itemized task is reasonable. *See* 42 U.S.C. § 406(b). In reviewing Plaintiff's itemized list of hours, the Court finds two entries patently unreasonable. First, on December 19, 2013, Plaintiff lists half an hour for "review scheduling order-set diary dates." (Doc. 28-2 at 1).

The Court's December 19, 2013 scheduling order was a text order containing two deadlines and totaling three sentences. Any competent counsel would be able to comprehend and notate the Court's scheduling order within a mere minute or two, rather than taking thirty minutes to do so. Second, Plaintiff lists half an hour for downloading the administrative record. *Id.* While the administrative record is undoubtedly lengthy, it takes but a matter of seconds to initiate the downloading process and it is unreasonable for an attorney to sit idly by his computer for a half hour while waiting for the download to complete. Accordingly, the Court reduces these two entries totaling one hour by 0.95 hours for a total compensable time of 0.05 hours.

Considering the above reductions in time, Plaintiff's request of 37.85 hours is reduced by 20.15 hours. Accordingly, the Court concludes that only 17.7 hours are reasonable and compensable under the EAJA. At a rate of $189.87 per hour, Plaintiff's compensable attorney fees come to $3,360.70. Separately, Plaintiff claims $50.00 in costs arising from this action. (Doc. 28 at 2). Defendant does not dispute Plaintiff's claim or the amount. Therefore, the Court awards costs to the Plaintiff in the amount of $50.00 and orders the Commissioner to obtain appropriate certification of the award and present it to the Secretary of the Treasury for payment pursuant to 31 U.S.C. § 1304.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**;

(2) The Commissioner shall pay to Plaintiff his reasonable attorney's fees in the amount of $3,360.70; and

(3)     The Plaintiff is awarded his costs in the amount of $50.00, and such costs shall be paid by the Department of Treasury pursuant to 31 U.S.C. § 1304, upon appropriate presentment thereto.

Signed: May 24, 2017

Richard L. Voorhees
United States District Judge