# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-417-GCM-DCK

| | |
|---|---|
| **BRYANT R. ASHCRAFT,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Attorney's Fee Pursuant To 42 U.S.C. § 406(b)" (Document No. 33) filed July 5, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

Plaintiff seeks approval of an attorney's fee in the amount of $5,356.25. (Document No. 34, pp. 2-3). Plaintiff notes that this matter was remanded by the Honorable Richard L. Voorhees on December 21, 2015, based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). (Document No. 34, p. 2). On remand, Plaintiff was found to be disabled by Administrative Law Judge Todd D. Jacobson and awarded disability benefits. Id.

"Defendant's Response To Plaintiff's Motion For Attorney's Fees Pursuant To 42 U.S.C. § 406(b)" (Document No. 36) was filed on July 18, 2018. Defendant does not explicitly oppose the pending motion; however, Defendant reminds the Court that Judge Voorhees previously determined that only 17.7 attorney hours and $3,360.70 in fees were reasonable and compensable in this case – not 37.85 hours of attorney time and $7,186.58 in fees, as originally requested.

(Document No. 36, p. 3); see also (Document No. 32). Defendant also notes that Plaintiff has asserted that $45,425.00 in past due benefits were awarded, when in fact Plaintiff's evidence shows that only $20,713.00 was awarded. (Document No. 36, p. 1); see also (Document No. 34-1, p. 2).

Following an "Order" by the Court requiring a reply brief, "Plaintiff's Reply…" (Document No. 38) was filed on September 6, 2018. "Plaintiff's Reply…" acknowledges that counsel "inadvertently attached the Notice of Award for the Plaintiff's son, Bryant Ashcraft, Jr." to the pending motion. (Document No. 38, p. 1) (citing Document No. 34-1). Plaintiff states that he is not seeking an award based on his son's benefits. Id. The Reply includes the "Notice of Award" for Plaintiff Bryant Ashcraft, Sr., for total past due benefits of $45,425.00. (Document No. 38, p. 2); see also (Document No. 38-1). Plaintiff's counsel seeks the $5,356.25 withheld by the Social Security Administration as fees for his work for Plaintiff before this Court. See (Document No. 38, p. 2 and Document No. 38-1, p. 3).

Based on Plaintiff's briefs, and the "Fee Agreement…" (Document No. 34-5) executed by Plaintiff and Plaintiff's counsel, the undersigned will allow the requested fee award.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Attorney's Fee Pursuant To 42 U.S.C. § 406(b)" (Document No. 33) is **GRANTED**. Plaintiff's counsel is approved for an award of **$5,356.25** for attorney's fees in this case pursuant to 42 U.S.C. § 406(b)(1)(A).

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel shall return to Plaintiff the sum of **$3,360.70**, representing the EAJA fee previously approved for Plaintiff's counsel.

**SO ORDERED**.

Signed: September 10, 2018

David C. Keesler
United States Magistrate Judge